■ UBS Securities LLC, Respondent-Appellant, v RAE Systems Inc., Appellant-Respondent. [954 NYS2d 878]—

Contrary to the finding of the IAS court, the clause at issue, which provides that defendant "may" in its "sole discretion" pay plaintiff a bonus based on an assessment of its performance, was not a conditional promise, but an entirely discretionary clause that imposed no obligation on defendant to pay (*Hunter v Deutsche Bank AG, N.Y. Branch*, 56 AD3d 274 [1st Dept 2008]). Nor did the "approval" of the bonus by defendant's special committee create some obligation on defendant to make the wholly discretionary payment (*id.*; *see generally Matter of Cosmopolitan Mut. Cas. Co. of N.Y. v Monarch Concrete Corp.*, 6 AD2d 163, 166 [1st Dept 1958], *revd* 6 NY2d 383, 388 [1959]).

While the parties' amended agreement was properly read by the court to include a right to indemnification of plaintiff's attorney's fees in a direct party action (*see Breed, Abbott & Morgan v Hulko*, 74 NY2d 686 [1989]), because plaintiff had no right to enforce payment of the aforementioned discretionary bonus sought herein, the cause of action for attorney's fees should also have been dismissed. Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.